### A. L. Mitchell v. The State.

#### No. 2166.   Decided October 30, 1912.

1.—Disorderly House—Owner—Lessee—Insufficiency of the Evidence.

Where, upon trial of permitting certain premises by owner or lessee to be used as a place in which prostitutes resorted, etc., there was no evidence to show any connection between the defendant and the owner or lessee of the building used as such place, the court should have submitted a charge that unless the jury found that the defendant was either the owner or lessee of said house, to acquit him.

2.—Same—Charge of Court—Circumstantial Evidence.

Where the evidence was direct, there was no error in the court's failure to submit a charge on circumstantial evidence.

Appeal from the County Court of Dallas at Law.   Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of permitting a house to be used for purposes of prostitution; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Walker & Williams* and *Currie McCutcheon* and *Robert B. Allen,* for appellant.—On question of the court's charge as to owner and lessee: Mitchell v. State, 34 Texas Crim. Rep., 311; Cook v. State, 61 S. W. Rep., 307.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of court's refusal to submit a charge as to owner or lessee: Novy v. State, 62 Texas Crim. Rep., 492; Flynn v. State, 35 id., 220; Humphries, 68 S. W. Rep., 681.

HARPER, JUDGE.—The appellant was prosecuted and convicted as being the owner, lessee or tenant of certain premises, situated in Dallas, which were knowingly permitted to be used as a place in which prostitutes resorted and resided for the purpose of plying their vocation.

The evidence discloses that the house was a disorderly house. Prostitutes resorted there, and displayed themselves in almost a nude condition, and appellant is shown to have been present on a number of occasions dancing with the prostitutes. The evidence for the State would support the verdict of the jury. The only defense offered by appellant was proof that one W. E. Easterwood owned the building, and through his agents had leased it to F. O. Dalton and John Senchal; that in fact appellant was neither the owner, lessee nor tenant of the building. As it is not attempted to be shown that any connection existed between appellant and the owner or lessees of the building named in the contract, the special charge requested by appellant on this issue should have been given. It reads:

"You are instructed, at the request of the defendant in this case,

that defendant is charged, as the owner, lessee and tenant, with keeping and being concerned in keeping a disorderly house, at 1707 1-2 Elm street in the city of Dallas, Texas, on certain dates in the months of May and June, A. D. 1912.

"Now you are instructed that before you can convict the defendant in this case, you must find from the evidence beyond a reasonable doubt that the defendant was either an owner of the house described in the indictment, or a lessee of said house, or a tenant of said house, and if you do not so find from the evidence beyond a reasonable doubt you will acquit the defendant."

It was not necessary to give the special charge on circumstantial evidence, as Mr. Kingston testified to an admission by appellant. There are a number of other complaints in the motion for new trial that we do not deem it necessary to discuss, as they do not present reversible error, but on account of the error above pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*